FILED
4/4/2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED
MAR 2 6 2013
MAR 26 2013
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Wayne H. Norman,

Plaintiff,

13cv2261
Judge John W. Darrah
Magistrate Judge Daniel G. Martin

Asset Acceptance Capitol Corp.

Defendant.

**JURY DEMAND**

## ORIGINAL COMPLAINT

### JURISDICTION

1. This Court has jurisdiction under 15 U.S.C. section 1681p and 28 U.S.C. section 1331.

2. All conditions precedent to the bringing of this action has been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Wayne H. Norman, a natural person who resides in Forest Park, Illinois.

4. The Defendant in this lawsuit is Asset Acceptance Capitol Corp, an unknown entity with a corporate office located at 28405 Van Dyke Ave. Warren, Michigan, 48093.

1

## VENUE

5. The occurrences that give rise to this action occurred in Dallas County, Texas.

6. Venue is proper in the Northern District of Illinois, Eastern Division, as Plaintiff now resides in Cook County, Illinois.

## GENERAL ALLEGATIONS

7. Plaintiff obtained his consumer credit report from Experian on 4/21/2011, and found entries from entities that he was unfamiliar with in the reports.

8. Plaintiff determined that his consumer credit report had been obtained by Asset Acceptance Capitol Corp., an entity that he did not recognize and without his consent.

9. Plaintiff determined that the inquiry substantially affected his credit score as it was as described in credit terms "hard pulls". "Hard pulls" or "regular inquiries" significantly impact a consumer's credit score.

10. Plaintiff found after examination of his Experian consumer credit file that the Defendant, Asset Acceptance Capitol Corp., had obtained Plaintiffs consumer credit file on March 11, 2011, and twice on March 12th, 2011.

11. Discovery of violations brought forth herein occurred on 04/21/2011, and are within the statute of limitations as defined in the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. section 1681p.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA")
## 15 U.S.C. SECTION 1681

12. Paragraphs 1 through 11 are realleged as though fully set forth herein.

13. Plaintiff is a consumer within the meaning of the ("FCRA"), 15 U.S.C. section 1681a(c).

14. Experian is a credit-reporting agency within the meaning of the ("FCRA"), 15 U.S.C. section 1681a(f).

15. A Consumer report is a consumer report within the meaning of the ("FCRA"), 15 U.S.C. section 1681a(d).

16. The ("FCRA"), 15 U.S.C. section 1681b defines the permissible purposes for which a person may obtain a consumer report.

17. Such permissible purposes as defined by 15 U.S.C. section 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

18. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant Asset Acceptance Capitol Corp.

19. At no time did Plaintiff give his consent for the Defendant to acquire his consumer credit file from any credit-reporting agency.

20. On March 11, 2011, the Defendant obtained the Experian credit report for the Plaintiff without a permissible purpose in violation of the ("FCRA"), 15 U.S.C. section 1681b.

21. The action of the Defendant, obtaining the consumer report of the Plaintiff without a permissible purpose or Plaintiff's consent was a willful violation of the ("FCRA"), 15 U.S.C. section 1681b, and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant Asset Acceptance Capitol Corp., for statutory damages of $1,000 dollars pursuant to section 1681n of the Fair Credit Reporting Act.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA")
## 15 U.S.C. SECTION 1681

4

22. Paragraphs 1 through 21 are realleged as though fully set forth herein.

23. Plaintiff is a consumer within the meaning of the ("FCRA"), 15 U.S.C. section 1681a(c).

24. Experian is a credit-reporting agency within the meaning of the ("FCRA"), 15 U.S.C. section 1681a(f).

25. A Consumer report is a consumer report within the meaning of the ("FCRA"), 15 U.S.C. section 1681a(d).

26. The ("FCRA"), 15 U.S.C. section 1681b defines the permissible purposes for which a person may obtain a consumer report.

27. Such permissible purposes as defined by 15 U.S.C. section 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

28. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant Asset Acceptance Capitol Corp.

29. At no time did Plaintiff give his consent for the Defendant to acquire his consumer credit file from any credit-reporting agency.

30. On March 12th, 2011, the Defendant obtained the Experian credit report for the Plaintiff without a permissible purpose in violation of the ("FCRA"), 15 U.S.C. section 1681b.

31. The action of the Defendant, obtaining the consumer report of the Plaintiff without a permissible purpose or Plaintiff's consent was a willful violation of the ("FCRA"), 15 U.S.C. section 1681b, and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant Asset Acceptance Capitol Corp., for statutory damages of $1,000 dollars pursuant to section 1681n of the Fair Credit Reporting Act.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA")
## 15 U.S.C. SECTION 1681

32. Paragraphs 1 through 31 are realleged as though fully set forth herein.

33. Plaintiff is a consumer within the meaning of the ("FCRA"), 15 U.S.C. section 1681a(c).

34. Experian is a credit-reporting agency within the meaning of the ("FCRA"), 15 U.S.C. section 1681a(f).

35. A Consumer report is a consumer report within the meaning of the ("FCRA"), 15 U.S.C. section 1681a(d).

36. The ("FCRA"), 15 U.S.C. section 1681b defines the permissible purposes for which a person may obtain a consumer report.

37. Such permissible purposes as defined by 15 U.S.C. section 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

38. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant Asset Acceptance Capitol Corp.

39. At no time did Plaintiff give his consent for the Defendant to acquire his consumer credit file from any credit-reporting agency.

40. On March 12th, 2011, the Defendant obtained the Experian credit report for the Plaintiff without a permissible purpose in violation of the ("FCRA"), 15 U.S.C. section 1681b.

41. The action of the Defendant, obtaining the consumer report of the Plaintiff without a permissible purpose or Plaintiff's consent was a willful violation of the ("FCRA"), 15 U.S.C. section 1681b, and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant Asset Acceptance Capitol Corp., for statutory damages of $1,000 dollars pursuant to section 1681n of the Fair Credit Reporting Act.

Respectfully submitted,

Wayne H. Norman
509 Elgin Apt. 1
Forest Park, IL 60130
(682) 241-8688
whnorman@hotmail.com